**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**SUSAN D. RAYL**
Smith Rayl Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS CURRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1106-CR-551 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Jr., Judge
The Honorable Amy J. Barber, Magistrate
Cause No. 49G02-1101-FC-4542

**January 3, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

STATEMENT OF THE CASE

Thomas Curry appeals his conviction of burglary as a class C felony.[1]

We affirm.

ISSUE

Whether there is sufficient evidence to support Curry's conviction.

FACTS

At approximately 3:00 p.m. on January 20, 2011, Michael Retz was walking his dog when he noticed two men walk into an unoccupied house that Retz's friend, Carrie Wood, rented and used for storage. Retz called Wood to see if she had given anyone permission to enter the house. When Retz learned that no one had permission to enter the house, he called the police.

Indianapolis Metropolitan Police Department Officers Brent McDonald and Jeffrey Terry were dispatched to the scene. Officer McDonald walked around to the back of the house and was standing next to an air conditioning unit when he heard people talking and banging on pipes in the basement. The officer looked down and noticed that the cooper Freon lines in the air conditioning unit were shaking back and forth. When the banging stopped, the officer heard the sound of a hack saw cutting through a pipe.

---

[1] Ind. Code § 35-43-2-1.

Finally, Officer McDonald heard the hissing sound of Freon escaping from the air conditioning unit due to the pipe being cut.

Shortly thereafter, Officer Ron Shelnutt arrived at the scene with his police dog. Officer Shelnutt entered the house and told the men in the basement that he would release his dog if they did not surrender. Curry and Ernest Rich came upstairs and surrendered to the officers. Officer McDonald walked down to the basement and noticed a hacksaw in the crawlspace where a copper pipe had been cut. In the meantime, Officer Terry searched Curry and found Wood's wallet in Curry's pocket. Curry admitted that he had picked up the wallet and put it in his pocket.

Curry was subsequently convicted in a bench trial of burglary as a class C felony and theft as a class D felony. The trial court merged the two counts and sentenced Curry to four years for the class C felony. Curry appeals his conviction.

## DECISION

Curry's sole argument is that there is insufficient evidence to support his conviction. Specifically, he contends that the State "failed to prove that [he] intended to commit a felony inside the house." Appellant's Br. p. 6.

Our standard of review for sufficiency of the evidence is well settled. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of witnesses. *Perez v. State*, 872 N.E.2d 208. 212-13 (Ind. Ct. App. 2007), *trans. denied.* We will consider only the evidence most favorable to the verdict and the reasonable inferences to be drawn therefrom. *Id.* We will affirm the conviction

3

if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id.* Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. *Id.*

A person commits burglary as a class B felony when that person breaks and enters the dwelling of another person with intent to commit a felony in it. Ind. Code § 35-43-2-1. Intent to commit a felony in a burglary case may be inferred from the circumstantial evidence of the nature of the crime. *Gentry v. State*, 835 N.E.2d 569, 573 (Ind. Ct. App. 2005). Such intent may be inferred from a defendant's subsequent conduct inside the premises. *Id.* Intent may also be inferred from the time, force and manner of entry where there is no evidence that the entry was made with some lawful intent. *Id.* The intent element is satisfied so long as there is a solid basis for a reasonable inference to be made that the defendant had the intent to commit a felony. *Id.*

Here, the evidence reveals that Curry entered the house Wood was renting without Wood's permission and went to the basement with Rich. One of the men removed a copper pipe with a hacksaw, and Curry placed Wood's wallet in his pocket. Viewing this evidence in a light most favorable to the verdict, we find sufficient evidence to support Curry's burglary conviction.

Curry's arguments that he believed he had permission to enter the house with Rich and intended to buy items in the house from Rich are nothing more than invitations for us to reweigh the evidence. This we cannot do. There is sufficient evidence to support Curry's conviction.

4

Affirmed.

BAKER, J., and BAILEY, J., concur.